Argued Feb. 2, decided April 13, 1909; rehearing denied May 17, 1910.

### FOSKETT *v.* WARNER VALLEY STOCK CO.

[101 Pac. 190.]

From Lake: HENRY L. BENSON, Judge.

Statement by MR. JUSTICE SLATER.

Plaintiff, D. T. Foskett, filed his cross-bill in equity to an action of ejectment, brought by the defendant, the Warner Valley Stock Company, a corporation, against him to recover the possession of the S. E. $\frac{1}{4}$ of the S. E. $\frac{1}{4}$ of section 22, the S. $\frac{1}{2}$ of the S. W. $\frac{1}{4}$ and the S. W. $\frac{1}{4}$ of the S. E. $\frac{1}{4}$ of section 23, township 39 S., range 24 E., W. M., in Lake County, Oregon. The pleadings and the facts upon which this case is based, except as hereinafter stated, are substantially the same as those stated in the case of *Morrow v. Warner Valley Stock Company,* 56 Or. 312 (101 Pac. 171), with which this case was consolidated, by stipulation of the parties, for the purpose of trial in the lower court and in this court. The decree awarded the land to the defendant, and dismissed the bill for want of equity, from which plaintiff has appealed.

REVERSED.

For appellant there was a brief over the names of *Mr. Andrew M. Crawford, Mr. John H. Hall* and *Mr.*

*Edward B. Watson,* with oral arguments by *Mr. Craw-ford* and *Mr. Watson.*

For respondents there was a brief over the names of *Messrs. Coovert & Stapleton* and *Mr. Charles A. Cogswell,* with an oral argument by *Mr. Elmer E. Coovert.*

MR. JUSTICE SLATER delivered the opinion of the court.

Plaintiff settled upon this land in the fall of 1887, having purchased the possessory right of Samuel Ronge, who had settled thereon in 1886. It was then inclosed by a fence, and there had been erected thereon a house, a stable, sheds, hay and stock corrals. On January 15, 1889, he entered the land under the homestead law, under the same circumstances as did Morrow and his sons. He has resided upon the land and cultivated it continuously from the time of his first settlement, excepting during a portion of the year 1889, when he was enjoined from occupying the land by some proceedings initiated by R. F. McConnaughy. Plaintiff was one of the parties to the contest of J. L. Morrow and others against the State of Oregon and the defendant herein, and for that reason he did not make final proof, his entry having been canceled May 9, 1903, as the effect of the decision rendered March 16, 1903, 32 Land Dec. Dep. Int. 54.

The legal principles announced and the conclusions reached in the case of *Morrow* v. *Warner Valley Stock Co.,* 56 Or. 312 (101 Pac. 171), are conclusive here, from which it results that the decree of the lower court is reversed, and one entered here adjudging plaintiff to be the owner of the equitable title to the land described; that defendant holds the legal title thereto subject to plaintiff's equity, and that it be required to convey the same to the plaintiff by proper deed, executed by its officers within 90 days from the time the mandate is entered in the court below, and in default thereof the decree stand as and for a conveyance.

Further prosecution of the ejectment action is perpetually enjoined.                                    REVERSED.